IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WELBON A. DELON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV00259 |
| | ) | |
| THE NEWS AND OBSERVER PUBLISHING COMPANY OF RALEIGH, NORTH CAROLINA, A McClatchy Newspaper, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion to dismiss filed by Defendant the News and Observer Publishing Company of Raleigh, North Carolina, A McClatchy Newspaper ("News & Observer"). (Pleading No. 4.) Plaintiff Welbon A. DeLon has opposed the motion and has filed a motion to amend his Complaint. (Pleading No. 17.) The News & Observer has responded to Plaintiff's motion to amend and to Plaintiff's opposition to the motion to dismiss. The motions are ready for a ruling.

**Procedural History**

Plaintiff, acting *pro se*, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("the EEOC") on December 7, 2004, claiming that the News & Observer discriminated against him from November 1993 to March 31, 2004. The EEOC issued a Dismissal and Notice of Rights dated December 23, 2004,

finding that Plaintiff failed to file his Charge of Discrimination within the administrative period specified by Title VII. Plaintiff filed the Complaint in this matter on March 23, 2005, alleging that the News & Observer discriminated against him based on his race or national origin, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

On April 18, 2005, Defendant moved to dismiss the Complaint pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, based on insufficient service of process, lack of subject matter jurisdiction and failure to state a claim. The primary argument for dismissal of Plaintiff's Title VII claim was that Plaintiff failed to file a charge with the EEOC within the required 180-day period. On May 20, 2005, Defendant withdrew its motion to dismiss to the extent that it was based on insufficient service of process. On June 8, 2005, Plaintiff opposed the motion to dismiss.

The Court held an initial pretrial conference on June 27, 2005 and entered an Initial Pretrial Conference Memorandum and Order dated June 30, 2005, allowing the parties to conduct limited discovery on the issue of the timeliness of Plaintiff's charge of discrimination. The Court advised that it would convert the motion to dismiss to a motion for summary judgment, and set deadlines for the filing of supplemental motions. Defendant, on April 18, 2005, filed a supplemental memorandum in support of its motion to dismiss Plaintiff's Title VII claims.

## Statement of Facts

Plaintiff Welbon DeLon delivered newspapers for Defendant News & Observer. The News & Observer terminated its relationship with Plaintiff on or about March 3, 2004, effective March 31, 2004. On May 6, 2004, Plaintiff submitted a precharge questionnaire to the EEOC. (Pleading No. 15, Def.'s Supplemental Mem. in Supp. of its Mot. to Dismiss, Ex. B.) On its face, the precharge questionnaire advises that it is not a charge of discrimination and states that "[a] charge of discrimination must be filed with the time limits imposed by the statutes." *Id.* The questionnaire further advises that its purpose is simply to "assist [the charging party] in filing a charge of discrimination." *Id.*

On September 25, 2004, Plaintiff wrote a letter to the EEOC, indicating that he desired to file a charge of race and national origin discrimination with the EEOC. (*Id.*, Ex. C.) Plaintiff's letter made no mention of any previously filed charge of discrimination. *Id.* In response, the Raleigh District Office of the EEOC notified Plaintiff in writing that the information he submitted was insufficient to represent a charge and that his complaint was untimely. *Id.*, Ex. D. Subsequently, the EEOC made several unsuccessful attempts to obtain additional information from Plaintiff. *Id.,* Exs. E-I. On December 7, 2004, Plaintiff filed a charge of discrimination, alleging race and national origin discrimination and retaliation in connection with his March 3, 2004 termination. *Id.*, Ex. A.

On December 23, 2004, the EEOC dismissed Plaintiff's charge of discrimination and issued a notice of rights finding that Plaintiff's charge was not timely filed. *Id.,* Ex. J.

**Discussion**

In order to assert a Title VII claim in federal court, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC. *See Taylor v. Virginia Union Univ.*, 193 F.3d 219, 239 (4th Cir. 1999). Title VII establishes a limitations period of 180 days for the filing of a charge of discrimination. *See* 42 U.S.C. § 2000e-5(e)(1). The timing requirements in § 2000e-5(e)(1) function similarly to a statute of limitations, and failure to file a charge within 180 days of the alleged unlawful employment practice warrants dismissal of the claim. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Edelman v. Lynchburg Coll.*, 228 F.3d 503, 511-12 (4th Cir. 2000), *rev'd on other grounds*, 535 U.S. 106 (2002); *Clement v. UNC Hosps.*, No. 1:02CV1017, 2004 WL 444567 at *2 (M.D.N.C. Feb. 26, 2004).

It is undisputed that the allegedly discriminatory conduct occurred on or before March 3, 2004. In order to satisfy the administrative statute of limitations, Plaintiff must have filed a charge with the EEOC on or before August 30, 2004. *See Martin v. SW. Virginia Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998) (holding plaintiff's cause of action accrued on the date he received notice of his termination, though it was not to take effect until 3 months later). The record reflects that Plaintiff did not file an official charge with the EEOC until December 7, 2004, 279 days after the alleged discriminatory conduct.

Plaintiff argues that the Court should treat his filing of the intake questionnaire as a charge, making his claim timely. Although a defective charge filed during the administrative

statute of limitations may be amended outside the period in order to cure technical defects or omissions, *see* 29 C.F.R. § 1601.12(b), this principle applies only when the earlier filing actually operates as a charge. *See Edelman*, 535 U.S. at 109-110, 118-19. The Fourth Circuit has not resolved the precise issue before this Court – whether a questionnaire itself may represent a charge.[1] The Seventh, Eighth and Eleventh Circuits employ a totality of the circumstances standard to determine whether a questionnaire qualifies as a charge. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314 (11th Cir. 2001); *Lawrence v. Cooper Cmtys, Inc.*, 132 F.3d 447 (8th Cir. 1998); *Philbin v. Gen. Elec. Capital Auto Lease, Inc.,* 929 F.2d 321, 324 (7th Cir. 1991); *Hollon v. Louisiana Pac. Corp.*, No. Civ. A 9:04-CV-183, 2005 WL 1398711, at*3 (E.D. Tex. 2005). Relevant facts include (1) what plaintiff and EEOC personnel said to each other; (2) what the questionnaire indicated; and (3) how the EEOC responded to the questionnaire. *See Wilkerson*, 270 F.3d at 1320.

In this case, the questionnaire clearly stated that it was a *precharge* questionnaire and cautioned that a separate charge of discrimination must be filed. The questionnaire does not suggest in any fashion that failure to file a separate charge could result in the questionnaire representing a charge. Neither does the verification of the questionnaire, standing alone, convert it to a charge. Plaintiff offers no evidence concerning discussions between himself and EEOC personnel. There is no evidence to suggest that the EEOC or Plaintiff himself

---

[1] The dispositive issue here is not the effect of the verification of Plaintiff's precharge questionnaire, or the effect of any subsequent filing on the questionnaire, but relates instead to whether Plaintiff or the EEOC treated the precharge questionnaire as a charge of discrimination. That issue was expressly reserved by the *Edelman* court. *See* 535 U.S. at 118-19.

in *fact* viewed the questionnaire as a charge. Indeed, Plaintiff wrote a letter to the EEOC dated September 25, 2004 indicating that this *letter* was meant to be the charge. (Pleading No. 15, Ex. C ("This is to file a charge . . . .").) Plaintiff points to no evidence demonstrating that the EEOC misled him in any way. The questionnaire in this case cannot be considered a valid substitution for a charge for purposes of satisfying the exhaustion requirement.

In addition to opposing Defendant's motion to dismiss, Plaintiff has moved to amend his Complaint. Plaintiff's motion to amend essentially repeats the arguments he makes in opposition to summary judgment, and does nothing to cure the defect in his Title VII claim.

**Conclusion**

For the reasons stated above, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Pleading No. 4) be granted and that Plaintiff's claim in this action under Title VII be dismissed with prejudice.

**IT IS ORDERED** that Plaintiff's motion to amend (Pleading No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties may have until August 30, 2006, to conduct discovery on Plaintiff's claims under 42 U.S.C. § 1981. *See* Complaint at 6. Dispositive motions are due October 2, 2006.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: May 15, 2006