IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WELBON A. DELON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:05CV00259 |
| | ) |
| THE NEWS AND OBSERVER | ) |
| PUBLISHING COMPANY OF | ) |
| RALEIGH, NORTH CAROLINA, A | ) |
| McClatchy Newspaper, | ) |
| | ) |
| Defendant. | ) |

## DISCOVERY SANCTION ORDER

On February 26, 2007, this matter came before the Court for oral argument on Defendant's motion to compel discovery and for the imposition of sanctions against *pro se* Plaintiff Welbon DeLon. (Pleading No. 31.) The Court, after considering the written and oral argument of the parties, ordered that Plaintiff be compelled to appear for his deposition to be taken by Defendant News & Observer on March 9 in Chapel Hill. Further, the Court announced that Rule 37 sanctions would be imposed against Plaintiff due to his failure and refusal to go forward with his deposition.

For reasons announced in open Court, as supplemented herein, the Court holds that Plaintiff DeLon shall be sanctioned for one-half of the costs, including attorney's fees, incurred by Defendant News and Observer in bringing and arguing its motion to compel

discovery. The Court imposes only one-half of the costs, finding that the motion to compel raised other issues in addition to Plaintiff's failure to permit his deposition. The Court finds that at least one-half of the briefing and argument arising from the motion related to Plaintiff's refusal to be deposed, and it is that matter that prompts the Court to impose sanctions.

The record shows that Defendant gave proper notice to Plaintiff of his deposition, scheduled for August 24, 2006. On August 16, Plaintiff sent to defense counsel a letter (Pleading No. 33, Angelique R. Vincent Aff. ¶ 11, Ex. E) in which Plaintiff wrote, "[t]his letter is in response to the subject matter deposition of the plaintiff and the matter defendant's motion to dismiss at the 'Answer' filed with the court while in the same timeframe the plaintiff received notice for schedule August 24, 2006, which made the deposition a moot question." Defense counsel responded by writing Plaintiff on August 21, with overnight delivery, that the deposition was not "moot." (*Id.*, Ex. F.) Counsel informed Plaintiff that the filing of its Answer in no way impacted or prevented Defendant's ability to depose Plaintiff, and warned that if Plaintiff failed to permit his deposition, Defendant would move for discovery sanctions. Counsel closed by stating, "I look forward to seeing you on Thursday, August 24 at 10:30 a.m."

On August 23, the day before the scheduled deposition, Plaintiff filed "Plaintiff's Request for Court Order for Injunction Relief . . . and Reply to Defendant's Notice of Deposition of Welbon A. DeLon." (Pleading No. 28.) Therein, Plaintiff argued that

-2-

Case 1:05-cv-00259-WO-PTS   Document 45   Filed 03/06/07   Page 2 of 5

Defendant's notice of deposition was "moot at best" and also a violation of the Federal Rules of Civil Procedure. Plaintiff argued that Defendant's letter of August 21 was a "threat" and act of intimidation to coerce Plaintiff to conform to "possible illegal action from the Defendant." Plaintiff requested the Court to enjoin the deposition as "moot" in view of the Defendant having filed an Answer. Plaintiff also vaguely argued a violation of equal protection.

The Court does not sanction Plaintiff with the costs of the aborted deposition scheduled for the specific date of August 24. Defense counsel appeared for the deposition, along with a court reporter, and Defendant thus incurred significant costs. Nonetheless, Plaintiff's request for an injunction, filed on August 23, effectively served as a Rule 26(c) motion for a protective order. Therefore, and pursuant to Rule 37(d), in view of the pendency of the motion for a protective order, Plaintiff may not be sanctioned with dismissal or charged with the costs incurred at the deposition he did not attend. However, his stated objection to submitting to a deposition (*i.e.*, that any deposition would be moot in the procedural posture of the case) must be reviewed to determine if it was "substantially justified" as required by Rule 37(a)(4)(A).

Quite obviously, Plaintiff's purported objection – that the deposition was moot in view of the filing of an Answer by Defendant – is utterly frivolous and wholly sanctionable. At oral argument, Plaintiff also argued that he had a health-related reason for missing his deposition, but that argument has no basis in the written objections he made before the

deposition date. His after-the-fact argument about medical treatment is of no effect since he did not rely on it in his filing of August 23.

The Court finds Plaintiff's resistance to his deposition to not be substantially justified, and no other circumstances make an award of expenses unjust. Indeed, the complete lack of justification was shown by some of Plaintiff's statements in oral argument. He disclosed that he considered his information about his complaint to be "privileged" because it was the information he intended to use at trial. He wanted to be able to "surprise" Defendant with his evidence. Of course, such a position is the absolute antithesis of the letter and spirit of the federal rules and, apparently, explains why Plaintiff has not cooperated in discovery.

Accordingly, for all of the reasons stated above, **IT IS ORDERED** that Defendant's motion to compel (Pleading No. 31) is **GRANTED** and Plaintiff shall appear for his deposition on March 9, 2007. As a discovery sanction against Plaintiff, **IT IS ORDERED** that Defendant is awarded costs, including attorney's fees, in the amount of one-half of the costs incurred by reason of the motion to compel and the hearing thereon. Defense counsel was instructed to submit an affidavit of costs within 10 days of the hearing, and the Court shall then set the amount of the sanction against Plaintiff.

Further, as directed in open court, **IT IS ORDERED** that discovery is extended to March 26, 2007, and Plaintiff shall further respond to outstanding interrogatories and document requests by March 16.

This the   6th   day of March, 2007.


                                                  /s/ P. Trevor Sharp
                                                  United States Magistrate Judge